UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN I. CHISOM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:05-CR-88-RLJ-HBG-1 |
| | ) 3:17-CV-151-RLJ |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 87], and expedited motion for a ruling on the same [Doc. 89].[1] Petitioner bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [Docs. 87, 89]. The United States agrees that Petitioner is entitled to relief [Doc. 91], and both parties urge that this Court grant Petitioner immediate release [Docs. 89, 91]. For the reasons stated below, the motions [Docs. 87, 89] will be **GRANTED.**

### I.   BACKGROUND

In 2006, a jury convicted Petitioner of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 56]. Based on Petitioner's prior California

---

[1]   On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee for the limited purpose of reviewing Petitioner's case to determine whether he was entitled to relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). E.D. Tenn. S.O. 16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET obtained authorization to file a successive petition, submitted the instant petition, and filed a motion to expedite ruling on the same [Docs. 86, 87, 89].

convictions for three robberies and one assault with a firearm, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen year mandatory minimum [Presentence Investigation Report (PSR) ¶¶ 21, 27]. In accordance with that designation, this Court imposed a 200-month sentence on October 23, 2006 [Doc. 64]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence. *See generally United States v. Chisom*, 249 F. App'x 406 (6th Cir. 2007).

On April 13, 2009, Petitioner filed a motion to vacate, set aside, or correct his sentence under § 2255 [Doc. 73]. This Court denied that petition on the merits in a Memorandum Opinion and Judgment Order entered on March 28, 2013 [Docs. 78, 79]. The Supreme Court decided *Johnson* on June 26, 2015, after which Petitioner requested leave to file a successive motion. On April 20, 2017, the Sixth Circuit authorized Petitioner to litigate a second § 2255 petition based on *Johnson* [Docs. 86, 87]. The United States has responded in support of relief [Doc. 91].

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). If the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum term of supervised release to five years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The Supreme Court did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the

3

enumerated-offense and use-of-physical-force clauses of the ACCA), *overturned on other grounds by Mathis v. United States*, 136 S. Ct. 2246, 2251 n.1 (2016), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding that the *Johnson* decision precluded armed career criminal designation where one of three predicate offenses, aggravated assault, failed to qualify under either the enumerated-offense or use-of-physical force clauses).

Here, three of the four convictions used to designate Petitioner an armed career criminal—his convictions for robbery under California Penal Code § 211, no longer qualify as violent felonies because they neither have as an element the intentional or knowing use, attempted use, or threatened use of violent force against another, *see Untied States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force); *see also Dixon v. United States*, 805 F.3d 1193, 1197 (9th Cir. 2015) ("[T]he California Supreme Court clarified that one may violate CPC § 211 by accidently using force." (citing *People v. Anderson*, 252 P.3d 968, 972 (Cal. 2011)), nor fall within one of the enumerated categories of violent felony listed in § 924(e)(2)(B)(ii), *see id.* at 1195 n. 5 ("A state statute may also categorically match the ACCA's definition of 'violent felony' if it 'is burglary, arson, or . . . involves use of explosives' . . . . [but] [w]e set these provisions aside, as they do not, in the ordinary case, apply to the conduct proscribed by [California Penal Code] § 211."). His convictions under California Penal Code § 211 only categorically qualified as violent felonies under the now-defunct residual provision. *Accord id.* at 1199 (deeming the statue indivisible). As a result, Petitioner's 200-month term of imprisonment and five years' supervised release [Doc. 64] exceed his maximum authorized sentence as a non-ACCA offender by 80 months' incarceration

4

and two years' supervised release.  *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than [ten] years.").

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial.  28 U.S.C. § 2255(b).  Because Petitioner has already served more than 120 months in prison—the maximum sentence allowed under § 924(a)(2), correction of sentence is the most appropriate form of relief.  *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## IV.  CONCLUSION

Petitioner has already served in excess of the ten-year custodial maximum applicable to him after *Johnson*.  For this reason, Petitioner successive § 2255 motion [Doc. 87] and request for an expedited ruling on the same [Doc. 89] will be **GRANTED** and his sentence will be reduced to a term of "time served."  The accompanying Order will take effect ten days from its entry in order to give the Bureau of Prisons time to process release. Further, the judgment dated October 23, 2006 [Doc. 64] will be **AMENDED** to reflect a three-year term of supervised release.  Except as provided herein, all provisions of Petitioner's judgment will remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

5